QUESTION: Is the City of Winter Garden authorized by law to levy a tax on the rental of land for the purposes of parking, standing, or other use for a house trailer?
SUMMARY: Municipalities are not authorized by general law to levy sales and use taxes in the form of a tax on the rental of land for the purposes of parking, standing, or other use for a house trailer, and no such excise tax may be validly levied by municipalities. Your question is answered in the negative. Prior to revision of the Florida Constitution in 1968, the authority for a municipality to impose taxes could be derived from either general law or special act. Under the Florida Constitution as revised in 1968, the authority for a municipality to tax must be contained in general law, except in the case of ad valorem taxes. Section 1(a), Art. VII, State Const., provides: No tax shall be levied except in pursuance of law. No state ad valorem taxes shall be levied upon real estate or tangible personal property. All other forms of taxation shall be preempted to the state except as provided by general law. (Emphasis supplied.) Section 9(a), Art. VII, State Const., similarly limits the taxing powers of municipalities: Counties, school districts, and municipalities shall, and special districts may, be authorized by law to levy ad valorem taxes and may be authorized by general law to levy other taxes, for their respective purposes, except ad valorem taxes on intangible personal property and taxes prohibited by this constitution. (Emphasis supplied.) It is clear from the foregoing constitutional provisions that, except for ad valorem taxes, municipalities may be granted the power to levy any tax only by general law, and any municipal excise tax not so authorized must necessarily fall by virtue of the aforecited constitutional preemption clause. City of Tampa v. Birdsong Motors, Inc.,261 So.2d 1 (Fla. 1972); AGO 074-270. The issue then becomes whether any tax on the rental of real property for house trailer uses and purposes by the City of Winter Garden is authorized by general law. Section 166.201, F. S., provides: Taxes and charges. — A municipality may raise, by taxation and licenses authorized by the Constitution or general law, or by user charges or fees authorized by ordinance, amounts of money which are necessary for the conduct of municipal government and may enforce their receipt and collection in the manner prescribed by ordinance not inconsistent with law. (Emphasis supplied.) This section is no authority for the imposition of the excise tax in question since this section does not grant any taxing power. There are several provisions in the Florida Statutes which grant to municipalities the right to levy certain excise or license taxes. (See s. 166.231 and Ch. 205, F. S.) Chapter 205 authorizes municipalities to impose occupational license taxes (for the privilege of engaging in any business or occupation within their jurisdiction), but there is no statute which authorizes municipalities to impose sales and use taxes. Any tax on the rental of real property for house trailer uses or purposes by the City of Winter Garden would be based on the amount of rental and would not be an occupational license tax for the privilege of engaging in a business or occupation. Since the tax would be based on the amount of rental, it would be in the nature of a sales and use tax. (See ss. 212.03 and 212.031, F. S.) Thus, the tax would not be authorized by general law to be levied by a municipality. Since the Legislature has failed to grant to municipalities the power to impose a sales and use tax, the power is preempted to the state. The Legislature has provided that the state may impose a sales and use tax on rentals of real property pursuant to Ch. 212, F. S. This chapter expresses the legislative intent that there shall not be duplication of these taxes. Section212.081(3)(b) provides in pertinent part: It is also the legislative intent that there shall be no pyramiding or duplication of excise taxes levied by the state under this chapter and no municipality shall levy any excise tax upon any privilege, admission, lease, rental, sale, use or storage for use or consumption which is subject to a tax under this chapter unless permitted by general law . . . . It should be noted that there are certain exceptions to the general rule expressed herein. Section212.081(3)(b), F. S., provides a "grandfather" clause for certain municipal ordinances which were in effect prior to July 1, 1957. Chapter 67-930, Laws of Florida, provides authority for certain large municipalities to enact a resort tax. I would, therefore, conclude that the levy of a tax by the City of Winter Garden on the rental of land for the purposes of parking, standing, or other use for a house trailer is not authorized by general law and that no such excise tax may be validly levied.